FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 29 PM 1:56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH THOMAS BARTUCCI, JR. | * | CIVIL ACTION NO. 04-2977 |
| VERSUS | * | SECTION "L" |
| MICHAEL J. JACKSON | * | MAGISTRATE 5 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes defendant herein, Michael J. Jackson, who respectfully moves this Honorable Court for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for the reasons more fully set forth in the attached Memorandum in Support of Motion to Dismiss for Failure to State a Claim and, Alternatively, Motion for Summary Judgment.

Respectfully Submitted

_Charles F. Gay Jr._
CHARLES F. GAY, JR., T.A. (#5999)
RONALD J. SHOLES (#14436)
JEFFREY E. RICHARDSON (#23273)
Adams and Reese, LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

*Attorneys for Defendant, Michael J. Jackson*

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on all counsel of record by electronic mail or by placing same in the U.S. Mail, properly addressed and postage prepaid, this 29th day of December, 2005.

*Charles F. Hay Jr.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH THOMAS BARTUCCI, JR. | * | CIVIL ACTION NO. 04-2977 |
| VERSUS | * | SECTION "L" |
| MICHAEL J. JACKSON | * | MAGISTRATE 5 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND,
ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

Michael J. Jackson respectfully submits this memorandum in support of his Motion to Dismiss for Failure to State a Claim and, alternatively, Motion for Summary Judgment.

I.  Introduction

   a.  **Complaint is Prescribed on its Face**

Plaintiff filed his complaint against Mr. Jackson on November 1, 2004 – over 20 years after the alleged events occurred. It is stale and old. It should be dismissed because it is prescribed.

Plaintiff's petition attempts to establish an exception to Louisiana's well-established public policy – prescribed claims are invalid. Plaintiff claims that he had a "repressed memory" enabling him to remember the allegations he now details. This memory did not reoccur after years of therapy. Instead, he alleges it all came back to him while randomly watching television. He then went to a series of lawyers. One finally took his case and referred him to a psychologist,

who after a single visit, opined he had a repressed memory. Plaintiff does not allege that Mr. Jackson financially or psychologically controlled him in order to engage in sexual conduct. Rather, he alleges things that are criminal in nature which he says took place over a 9-day period - such as false imprisonment, sexual assault and battery, when he was 18 years old. These events bear no resemblance to someone of tender years who is emotionally controlled by a trusted person and then sexually abused. In fact, the allegations are stark and apparent and would put any reasonable person on <u>actual notice</u> of wrongdoing especially someone of legal age. By <u>any</u> reasonable objective standard, Plaintiff would have been on notice.

Because this case is prescribed on its face, the <u>burden</u> of proof to establish a scientific basis for repressed memory is on the Plaintiff and, failure to do so, warrants dismissal. Plaintiff cannot now masquerade a legal conclusion of repressed memory as an accurate factual allegation. As discussed below, the claim of repressed memory is unprovable, un-testable and inherently untrustworthy. Defendant should not have to establish the insufficiency of the repressed memory. Under Louisiana law, that burden shifts to Plaintiff because the claim is patently prescribed on its face.

Because Plaintiff's attorney-appointed psychologist opined, after one visit, that Plaintiff had a repressed memory for 20 years, Mr. Jackson respectfully requests a *Daubert* hearing to challenge the opinion and/or a bifurcated trial on the prescription issue, either of which would save the Court and the parties substantial time and resources. See attached article from Psychology, Public Policy and Law, PROTECTING THE INTEGRITY OF THE LEGAL SYSTEM, The Admissibility of Testimony From Mental Health Experts Under Daubert/Kumho Analyses, March 1999 Vol. 5 No.1 224-242 (see Exhibit "A").

### b. The Fantastic Tale

Plaintiff claims that he was falsely imprisoned in New Orleans, Louisiana at the 1984 World's Fair by Mr. Michael Jackson, one of the best-known musicians and performers in the world. (See *Plaintiff's Complaint*, para. 23-26.) Plaintiff alleges that he was forced into a white limousine in New Orleans and taken on a ride across the United States to California. He says that during the ride he was molested, battered, held at gunpoint and physically harmed (cut with razor blade and steel wire), and in California, was taken to an unknown building for a period of time. (See *Plaintiff's Complaint*, para. 8, 15.) He alleges that during the 9-day period he suddenly developed psychological mechanisms and repressed all memory of the entire events. He says that he repressed his memory for 20 years. (See *Plaintiff's Complaint*, para. 33.) For 20 years Plaintiff never sought medical or psychological attention. It was not until March of 2005 when his lawyer referred him to a psychologist, who first opined that he had "repressed memories," based primarily on the history given. He does not allege therapy helped recover his memory. (See Report of L. Mulry Tetlow, Ph.D., attached as Exhibit "B").

Plaintiff has a long history of, and is quite capable of, employing lawyers and the legal system throughout this 20 year period. Public records indicate that over the past 17 years, Plaintiff has been a party to 18 civil and criminal suits – many associated with fraud or untrustworthy elements. The criminal charges brought against him range from stalking to unauthorized removal of a motor vehicle, and most recently theft of a firearm.[1] Civilly, Plaintiff has been sued in connection with a fraudulent insurance scheme, for rescission and revocation of a donation for ingratitude by a former fiancée, and for annulment of a marriage based on

---

[1] Charges were filed against Plaintiff on 8/2/96 in *State of La. v. Bartucci*, 24110-001, 9th Judicial District Court, Rapides Parish (see Exhibit "C" attached); on 4/22/98 in *State of La. v. Bartucci*, 250,248-001, 9th Judicial District Court, Rapides Parish (see Exhibit "D" attached); *State of La. v. Bartucci*, 275,825 "C", 9th Judicial District Court, Rapides Parish (see Exhibit "E" attached).

bigamy.[2] Plaintiff's own mother, Etha Lee G. Bartucci, expressed fear for her safety and sought the protection of the court from Plaintiff in connection with the search of a will in the succession of Plaintiff's father.[3] Moreover, Plaintiff filed at least four lawsuits as a Plaintiff seeking damages.[4] In one of those suits, *Bartucci v. Argonaut Great Insurance,* which was filed in December of 2001, Plaintiff raised allegations of sexual abuse against a minister. How could that incident have not jogged his memory more than a TV program? Plaintiff is quite adept at working his way through the legal system and has used it to his advantage for years. He has no excuse for filing this case late.

Plaintiff was shopping for lawyers to file this case in the year 2003. On December 22, 2003, he requested a friend, Ms. Hope Horne, to appear at a lawyer's office to confirm that in 1995 he provided her the following information: "he had had a horrible experience with a celebrity performer." (See Exhibit "N," Statement of Hope E. Horne; and Exhibit "O," Affidavit of Hope E. Horne, attached). Ms. Horne states that Plaintiff asked her to sign the statement that he had confided the alleged incident to her nearly 9 years before he brought the suit. Ms. Horne's statement is verified by the affidavit of Cindi Couvillion, a secretary in the lawyer's office, who was in the presence of Plaintiff and Ms. Horne when the written statement was transcribed. (See Exhibit, "P," Statement of Cindi Couvillion, attached.)

---

[2] *Jean Clifton v. Bartucci*, 209,083 "F," 9th Judicial District Court, Parish of Rapides, State of Louisiana (see Exhibit "F" attached); *Fain Dewana Drewes v. Bartucci*, 203,245 "D", 9th Judicial District Court, Parish of Rapides, State of Louisiana (see Exhibit "G" attached); *Elizabeth Perkins Mecheski Bartucci v. Bartucci*, 208,982 "A," 9th Judicial District Court, Rapides Parish (see Exhibit "H" attached).
[3] See Petition to Appoint Notary to Search for Will and Other Relief filed in *Succession of Joseph Thomas Bartucci*, Probate No. 26437, 9th Judicial District Court, Rapides Parish, wherein Mrs. Bartucci stated that she "is fearful of her own safety because of conflicts with her adult son who is living in her residence if she returns to her residence without a court order and without police protections," attached hereto as Exhibit "I."
[4] *Bartucci v. T.H.E. Insurance Company, et al.*, 149,517 "E," 9th Judicial District Court, Parish of Rapides, State of Louisiana (Exhibit "J"); *Bartucci v. Charlotte Lynn Brossett, et al*, 180,786 "E", 9th Judicial District Court, Parish of Rapides, State of Louisiana (Exhibit "K"); *Bartucci v. Argonaut Great Insurance Company, Joseph L. Sharp and Air Base Road Baptist Church*, 206,948 "A," 9th Judicial District Court, Parish of Rapides, State of Louisiana (Exhibit "L"); *Bartucci v. Edward O. Vercher*, 212,220 and 212,221, 9th Judicial District Court, Parish of Rapides, State of Louisiana (Exhibit "M").

Plaintiff alleges that 20 years after the alleged event, when viewing "a Court TV special" about the recent California prosecution of Mr. Jackson in which he was acquitted, he suddenly remembered the alleged incidents. (See *Plaintiff's Complaint,* para. 9, 18, 26 and 33.) The acts alleged by Plaintiff are so immediate and inflammatory that any reasonable person under the law of adult age would be put on <u>actual notice</u> of a tort claim. Actual notice cannot be trumped by a one stop referral 20 years later by a lawyer to a psychologist for something so inherently untestable as repressed memory. This is the type of science *Daubert* and its progeny was meant to exclude. Indeed, the only basis for the psychologist's opinion in this case is to parrot Plaintiff's claim of repressed memory. This is a precise instance in which Louisiana's legislature provided for prescription articles. Therefore, for the foregoing reasons, Mr. Jackson urges this Court to dismiss Plaintiff's claim pursuant to Rule 12(b)(6) and/or Rule 56.

### c. Uncontested Statement of Material Facts

1. Plaintiff has been involved in several civil and criminal judicial proceedings over the last 20 years.

2. Plaintiff has engaged lawyers to assist him in legal matters over the last 20 years.

3. Plaintiff has never been declared incompetent or incapacitated to pursue legal matters on his own behalf.

4. Plaintiff has previously filed a lawsuit in which he alleged sexual abuse.

5. As of November 2004, Plaintiff had neither sought nor received any care or treatment by a licensed health care provider for his alleged repressed memory.

6. On December 22, 2003, Plaintiff was present in the law office of Mr. Field V. Gremillion Esq. in Alexandria, Louisiana.

7. On December 22, 2003, Plaintiff asked Ms. Susan Couvillion to type a statement.

8. Plaintiff's first visit with a licensed psychologist for repressed memory was arranged by his attorney, Mr. Louis Koerner, on March 4, 2005.

9. Plaintiff claims to have sustained both physical and emotional injuries in his alleged encounters with Mr. Jackson and his employees.

10. Plaintiff was 18 years old when he alleges he was battered, abused, falsely imprisoned and physically injured by Mr. Jackson or his employees.

## II. Legal Standard

### a. Rule 12(b)(6) Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor. *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284; C.A.5 (Tex), 1993, *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).

### b. Rule 56 Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure requires summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A motion

6

for summary judgment may be directed toward all or part of a claim, and it may be made on the basis of the pleadings, by affidavits or deposition testimony. Parties need not wait until a case is fully tried, but may seek a final adjudication of an action by a motion under Rule 56. *Koch Indus., Inc. v. United Gas Pipeline Co.,* 700 F.Supp. 865, 867 (M.D. La. 1988). In adjudicating such non-issues, parties may be accorded expeditious justice, and some of the pressure on court dockets may be alleviated. Wright and Miller, Federal Practice and Procedure, § 2712 (2005 ed.) The Fifth Circuit favors the use of summary judgment to this end. *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981). When the movant, Mr. Jackson, makes a properly supported motion, the non-movant Plaintiff may not rest on unsupported allegations or simple denials of Mundy's pleadings. *LTV Educational Systems Inc. v. Bell*, 862 F.2d 1168, 1172 (5th Cir. 1989). In these circumstances, Plaintiff must go beyond the pleadings and must specify the evidence before this Court which shows that genuine issues exist which require resolution at trial. *O'Neill v. Air Line Pilot's Ass'n Int'l,* 886 F.2d 1438, 1443 (5th Cir. 1989).

In this case, Plaintiff has not shown, and cannot show, that the prescriptive period has not expired. No genuine issues of material facts exist. By any reasonably objective standard, a reasonable person would be on actual notice of the existence of a claim to be pursued. Accordingly, Mr. Jackson is entitled to judgment as a matter of law.

### III.  Legal Argument

#### a.  Prescription Bars Plaintiff's Suit

Under Louisiana law, liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. Civ. Code. art. 3447. The fundamental purpose of prescription statutes is to afford a defendant economic and psychological security if no claim is made timely

7

and to protect the defendant from stale claims and from the loss or non-preservation of relevant proof. *Giroir v. South Louisiana Medical Center*, 475 So.2d 1040 (La. 1985); *Stroud v. Morrison Nursery,* 04-1610, p.3 (La.App. 3 Cir. 4/6/05), 899 So.2d 840, 843; *Craig v. Bantek West, Inc.,* 03-2757, p. 10 (La.App. 1 Cir. 9/17/04), 885 So.2d 1234, 1240. Likewise, delictual actions are subject to a liberative prescriptive period of one year, which commences to run from the day injury or damage is sustained. La. Civ. Code art. 3492. When a plaintiff's claim is clearly prescribed on the face of the complaint, the burden of showing that the case has not prescribed shifts to the plaintiff. *Bouterie v. Crane*, 616 So.2d 657 (La. 1993).

Plaintiff pleads in his Complaint that the alleged events occurred in May of 1984. But, he filed this lawsuit on November 20, 2004 – well beyond the one-year liberative prescription provided under Louisiana law. Hence, on the face of the Complaint, Plaintiff's claim is time-barred. Had this case been filed timely, there could have been readily available memories and evidence to prove Mr. Jackson's precise whereabouts during the alleged period. Now, such evidence is stale and obscure. Over the past 20 years, potential evidence, witnesses and the preservation of relevant proof have faded, if not become obsolete. As a result, Plaintiff's claim is stale and this must be barred under Louisiana law for obvious policy reasons. *Giroir*, 475 So.2d 1040. Foremost, it is simply inequitable for Plaintiff, 20 years later, to bring a suit against Mr. Jackson beyond the prescriptive period permissible under Louisiana law.

Plaintiff's claim is barred by prescription, and thus is not entitled to relief. This Motion should be granted.

### b. *Contra Non Valentem* is Not Applicable to Plaintiff's Claim

Plaintiff may argue that his claim is not barred by prescription under the equitable doctrine of *contra non valentum agree nulla currit praescriptio*. This Latin phrase means that

prescription does not run against one unable to act. *Held v. State Farm Insurance Co.*, 610 So.2d 1017 (La.App. 1 Cir. 1993). *Contra non valentum* is an exception which should be strictly construed. *Harsh v. Calogero*, 615 So.2d 420 (La.App. 4 Cir. 1993). In applying this doctrine, courts have traditionally employed an "unable to act" test. See *Held*, 610 So.2d 1019. Louisiana jurisprudence has applied *contra non valentum* in four situations: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on plaintiff's action; (2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the defendant himself has done some act effectually to prevent the plaintiff from availing himself of his cause of action; and (4) where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. *Wimberly v. Gatch*, 92-2361 (La.App. 4 Cir. 4/11/94), 635 So.2d 206; *Corsey v. Department of Corrections*, 375 So.2d 1319 (La. 1979).

Here, Plaintiff may assert that the alleged injuries were not known or reasonably knowable under the guise of "repressed memory." Louisiana case law focuses on a reasonable man standard when considering excuses for delay in filing suit. See *Bailey v. Khoury*, 2004-0620, 0647, 0684 (La.1/20/05), 891 So.2d 1268, 1276. Can there be any doubt that a "reasonable" individual who endured what Plaintiff alleges against a celebrity with the notoriety of Mr. Jackson would not have had "actual knowledge" of the alleged injury? Mr. Jackson was not a friend, confidant, priest or parent to Plaintiff. He was a celebrity of great fame. Plaintiff would have been wide-eyed had Mr. Jackson singled him out for the torture, molestation, false imprisonment and battery that he alleges occurred. No reasonable person, however, subjected to such conduct by a noted celebrity can forget it and remember it nearly 20 years later.

In *Fontaine v. Roman Catholic Church*, 625 So.2d 548 (La. App. 4th Cir. 1994), the court construed the doctrine of *contra non valentem* in a sexual abuse case involving a 17 year old. Plaintiff alleged that the defendant, a Catholic priest, performed illicit acts and caused severe physical and mental damage starting in 1982 and ending in 1986. *Id.* at 550-551. Because defendant's alleged relationship was terminated in 1986, and the lawsuit was not filed until 1989, defendants filed an exception of prescription. *Id.* The court in *Fontaine* upheld the lower court's decision to grant the exception of prescription because the plaintiff failed to establish that defendant had a financial or even psychological control over the plaintiff after the time of the alleged incident. *Id.* at 553. Further, plaintiff's alleged mental retardation and inability to properly assess responsibility for the alleged relationship was deemed insufficient to invoke the doctrine of *contra non valentem.* 625 So.2d 553.

Like the plaintiff in *Fontaine,* Plaintiff cannot establish that Mr. Jackson exerted control (financial or psychological) over him after the alleged incident and thereby was prevented from timely filing this lawsuit. Indeed, Plaintiff does not even allege that he had any further contact with Mr. Jackson since the late spring of 1984. Plaintiff attempts to mask legal conclusions as factual allegations by stating that he was "incompetent and incapable" of bringing this lawsuit. (See *Plaintiff's Complaint,* para. 11.) Such attempt cannot be countenanced by this Court.

Likewise, Plaintiff cannot obviate Louisiana prescription law by merely asserting that he failed to file within the proper delay period because he suffered from "severe psychological mechanisms." (See *Plaintiff's Complaint*, para. 9, 18, 26 and 33.). He cannot do so because he fails to allege any facts regarding post-traumatic stress syndrome treatment, let alone any other psychological treatment since 1984. There are no established facts in Plaintiff's complaint that he actually suffered from a dubious "repressed memory" condition. Plaintiff merely alleges

conclusory statements. As the court in *Fontaine* reasoned, Plaintiff has failed to establish the requisite factual basis to be excused for failing to timely file his Complaint.

In *Steele v. Steele*, 98-CA-693 (La.App. 5 Cir. 3/10/99); 732 So.2d 546, the court examined an alleged sexual molestation claim. The plaintiff in *Steele* brought suit against his father and other family members for alleged acts that occurred between 1962 and 1977. *Id.* at 547. Plaintiff filed a petition for damages in October of 1996 and alleged that the doctrine of *contra non valentum* operated to suspend the running of prescription. *Id.* at 548. According to the record, Plaintiff became aware of the emotional trauma as early as May 1995, "although he may not have appreciated the full extent of the emotional damages until later." *Id.* at 549. The *Steele* court held that "[e]ven assuming plaintiff's post traumatic stress disorder operated initially to prevent him from realizing he was emotionally injured,. . . he began to experience the effects of the abuse in June of 1995, and suit was not filed until October 1996, more than one year later." *Id.* at 550. Thus, in *Steele*, the court dismissed plaintiff's suit because it had prescribed. The effects of the conduct in this suit were "immediately apparent." See *Fontaine*, 625 So.2d, at 552. There is no excuse for the delay.

As indicated in Ms. Horne's statement, Plaintiff claimed in 2003 that he had told her about the events in 1995. (See Exhibit "N," Statement of Hope E. Horne; and Exhibit "O," Affidavit of Hope E. Horne). Plaintiff presumably believed Ms. Horne's statement would help him obtain a lawyer to file this case. He dictated a statement to Ms. Couvillion for Ms. Horne to sign. (See Exhibit "P," Affidavit of Cindi Couvillion). Ms. Horne signed it. But her statement was allegedly kept for some time in the safe at Mr. Gremillion's office. (See Exhibit "N," Statement of Hope E. Horne; and Exhibit "O," Affidavit of Hope E. Horne). When Ms. Horne heard about this suit, she says she promptly acquired her statement from the attorney's office.

(See Exhibit "N," Statement of Hope E. Horne; and Exhibit "O," Affidavit of Hope E. Horne). As the Court in *Steele* noted, Plaintiff should have, at a minimum, filed this lawsuit within the one-year prescriptive period from 1995. Plaintiff, however, did not file his complaint until at least 9 years after he allegedly told Ms. Horne about the events - - which is much longer than the time Plaintiff in *Steele* waited to file his suit, i.e., 1 ½ years after realizing his alleged injuries. Like the *Steele* Court, this Court should hold that Plaintiff's claim is prescribed because Plaintiff admitted knowledge of the alleged injuries also known as "horrible experience" as early as 1995, but failed to timely file his Complaint.

Given the Plaintiff's allegations, it is not reasonable to permit the Plaintiff to file his complaint nearly 20 years after the alleged incident, let alone 9 years after he allegedly told Ms. Horne. Plaintiff's complaint fails to state a claim because it has prescribed. This Motion must be granted.

      **c. Plaintiff Fails to Overcome the Burden of Proof That His Claim is Prescribed.**

It is well-settled Louisiana law that when a plaintiff's claim is clearly prescribed on the face of the complaint the burden of showing that the case has not prescribed shifts to the plaintiff. *Bouterie,* 616 So.2d, at 657. Louisiana courts have set a high threshold of proof for the Plaintiff in order to excuse a delay in timely filing suit for claims of tortious conduct that cause a plaintiff to not even understand the facts which surrounded his injury. See *Fontaine v. Roman Catholic Church of the Archdiocese of New Orleans,* 625 So.2d 548 (La.App 4 Cir. 1993). Under Louisiana law, Plaintiff must prove, not just allege, that he suffered a "severe state of mental incapacity" in order to excuse a delay in filing suit under the doctrine of *contra non valentem.* See *Corsey v. State Department of Corrections,* 375 So.2d 1319 (La.1979).

Consequently, the burden is on Plaintiff to show that his claim has not prescribed as a result of a psychological condition.

"Repressed memory" is a dubious concept in the medical literature. Louisiana courts have seldom accepted "repressed memory" as a valid exception for an untimely lawsuit. Even when Louisiana courts have considered the repressed memory theory, it has been in connection with minors who have been sexually abused by authority figures, such as priests and other trusted adults. See *Fontaine,* 625 So.2d, at 548; *Steele,* 732 So.2d, at 546; *Held,* 610 So.2d, at 1017; *Bock v. Herman,* 526 So.2d 292 (La.App. 3 Cir. 1988); *Doe v. Roman Catholic Church,* 94-1476 (La.App. 3 Cir. 5/2/95), 656 So.2d 5); *Wimberly v. Gatch,* 635 So.2d 206 (La. 1994). Here, Plaintiff was 18 years old when the alleged incident occurred. He was not a vulnerable minor entrusting in a priest or familiar personality. He has been under no psychological impairment preventing him from suing. Mr. Jackson was and continues to be a world-known musician, and was not a confidant. As a result, Plaintiff lacks a reasonable basis for his "repressed memory" claim. This alone illustrates that Plaintiff cannot overcome his burden to show his claim has not prescribed. And, as the Court can see from the attached lawsuits Plaintiff has been involved in, he is a seasoned litigant who knows how and when to assert his legal rights.

Plaintiff was on <u>actual notice</u> at the time of the claimed events, given the horrific nature of his alleged physical and emotional injuries. Such injuries would have been immediately apparent. He will undoubtedly rely on his attorney-appointed psychologist, Dr. Tetlow, to provide a response. It is doubtful, however, that Dr. Tetlow will have any reasonable foundation for his "opinion." In fact, Dr. Tetlow has only seen Plaintiff once, and his opinion letter merely restates Plaintiff's allegation that he just unrepressed his memory following TV coverage of the

criminal trial in Santa Maria, California. Indeed, repressed memory has little, if any, scientific basis. More importantly, Dr. Tetlow has no research experience or publications to support his opinion of repressed memory. Dr. Tetlow has published no articles on the subject, peer reviewed or otherwise. Accordingly, Plaintiff's "expert psychologist's" opinion, which was clearly obtained for litigation purposes, lacks any indicia of trustworthiness. Thus, the Court should disregard Plaintiff's repressed memory argument in its entirety. This Motion must be granted.

If, and only if, the Court is not inclined to disregard Plaintiff's repressed memory argument and grant this Motion, Mr. Jackson requests a *Daubert* hearing in order to determine whether Plaintiff's repressed memory has enough scientific validity to even allow this case to proceed further. Mr. Jackson also would ask the Court to consider bifurcating the case and trying the prescription issue and perhaps the issue of whether the events even occurred at all. Such a bifurcation will save the Court and all the parties great time and expense.

## IV. Conclusion

Plaintiff had an absolute duty to bring his claim timely, and the failure to do so warrants dismissal of his case. Plaintiff has not and will not be able to overcome the burden to prove that his Complaint was timely filed. Mr. Jackson submits that Plaintiff is attempting to utilize an exception to Louisiana's prescription law that is not applicable to this case. Mr. Jackson further submits that one opinion from one psychologist without any scientific testability based upon one visit with Plaintiff is hardly enough to satisfy Plaintiff's burden. Consequently, Plaintiff's Complaint should be dismissed because it is barred by prescription. For the reasons stated above,

Mr. Jackson respectfully urges this Court to grant his Motion to Dismiss for Failure to State a Claim and, Alternatively, Motion for Summary Judgment.

                Respectfully Submitted

*/s/ Charles F. Gay Jr.*
CHARLES F. GAY, JR., T.A. (#5999)
RONALD J. SHOLES (#14436)
JEFFREY E. RICHARDSON (#23273)
Adams and Reese, LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

*Attorneys for Defendant, Michael J. Jackson*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served on all counsel of record by electronic mail or by placing same in the U.S. Mail, properly addressed and postage prepaid, this 29th day of December, 2005.

                                                                   */s/ C.F. Gay Jr.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH THOMAS BARTUCCI, JR.** | * | **CIVIL ACTION NO. 04-2977** |
| **VERSUS** | * | **SECTION "L"** |
| **MICHAEL J. JACKSON** | * | **MAGISTRATE 5** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF HEARING

TO:  Louis R. Koerner, Jr., Esq.
     400 Lafayette Street
     P. O. Box 4297
     Houma, LA  70361

**PLEASE TAKE NOTICE**, that defendant, Michael J. Jackson, has this day filed a Motion to Dismiss for Failure to State a Claim and, Alternatively, Motion for Summary Judgment. A hearing on said Motion will be held before the Honorable Eldon E. Fallon on the 18th day of January, 2006 at 9:00 a.m.

Respectfully Submitted

_____
CHARLES F. GAY, JR., T.A. (#5999)
RONALD J. SHOLES (#14436)
JEFFREY E. RICHARDSON (#23273)
Adams and Reese, LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

*Attorneys for Defendant, Michael J. Jackson*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by electronic mail or by placing same in the U.S. Mail, properly addressed and postage prepaid, this 29 day of December, 2005.

_____Charles F. Gay Jr._____

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED